UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against -

PERSIO TORRES NUNEZ,

Defendant.

**ORDER**

86 Cr. 918-02 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

On February 6, 1987, Defendant Persio Torres Nunez was convicted of distributing crack cocaine within 1,000 feet of an elementary school, and was sentenced by the Hon. Leonard B. Sand to 54 months' imprisonment. (Judgment, No. 86 Cr. 918)[1]

On July 29, 1988, Nunez was convicted in another, separate case of conspiracy to distribute cocaine (Count One), continuing criminal enterprise (Count Two), distributing and possessing with intent to distribute cocaine (Count Twenty-Five), racketeering (Count Thirty-Six), and racketeering conspiracy (Count Thirty-Seven). (Judgment, No. 87 Cr. 419) Nunez was sentenced by the Hon. David N. Edelstein to 60 years' imprisonment on Count One; 60 years' imprisonment on Count Two; 30 years' imprisonment on Count Twenty-Five; 15 years' imprisonment on Count Thirty-Six; and 15 years' imprisonment on Count Thirty-Seven. (Id.) The sentences imposed on Counts One and Two run concurrently with each other and with all other counts. The sentences imposed on Counts Twenty-Five, Thirty-Six, and Thirty-Seven run consecutively with each other. (Id.) The Judgment provides that "[t]hese five sentences are to commence after the defendant completes any sentence that he is currently serving." (Id.)

On July 31, 2019, in Case No. 86 Cr. 918, Nunez filed a Motion for Imposition of

---

[1] Because of the age of this case, certain filings do not have docket numbers.

a Reduced Sentence Pursuant to Section 404 of the First Step Act.  Case No. 86 Cr. 918 was then reassigned to this Court.  (Dkt. No. 3, No. 86 Cr. 918)

On January 22, 2020, this Court directed the Government to respond to Nunez's motion by February 14, 2020.  (Dkt. No. 4, No. 86 Cr. 918)

On September 2, 2020, the Government appeared in this case and requested that it be granted an extension to respond, nunc pro tunc, to September 25, 2020.  (Dkt. No. 7, No. 86 Cr. 918)  On September 2, 2020, this Court granted the Government's extension request.  (Dkt. No. 8, No. 86 Cr. 918)

On September 24, 2020, the Government filed its opposition to Nunez's application.  The Government contends that Nunez's application should be denied as moot:

> In the instant case – the 1986 Case – the defendant was sentenced to four-and-half-years' imprisonment – a sentence that the defendant has long since completed.  As such, any motion for a sentence reduction in this case is moot. See United States v. Martin, --- F.3d ----, 2020 WL 5240648, at *2 (2d Cir. Sept. 3, 2020) ("where an inmate has already served his sentence for that specific offense, the [First Step] Act does not authorize any relief").

(Sept. 24, 2020 Govt. Ltr. (Dkt. No. 9) at 4)

This Court agrees that Nunez's motion must be denied as moot.  Given that Nunez was sentenced to 54 months' imprisonment on February 6, 1987 (Judgment, No. 86 Cr. 918), he would have completed his sentence no later than 1991.  And given that the Judgment in Nunez's second case provides that the "five sentences [imposed in that case] are to commence after the defendant completes any sentence that he is currently serving" (Judgment, No. 87 Cr. 419), it is clear that Nunez is now serving sentences that are not before this Court.

For these reasons, Nunez's motion for a sentencing reduction is denied.

To the extent that Nunez seeks a sentence reduction in Case No. 87 Cr. 419. He

must file an application in that case.

        Copies mailed by Chambers.

Dated: New York, New York
      September 26, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge